UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

DENNIS EDDINS,                          :
                                        :
          Plaintiff,                    :
                                        :
v.                                      :     Case No: 4:08-CV-31
                                        :     *Mattice / Carter*
ROBERT E. COOPER, State Attorney        :
General, *et al.,*                      :
                                        :
          Defendants.                   :

## **REPORT and RECOMMENDATION**

Before the Court are: (1) an Application to Proceed *In Forma Pauperis* ("Application") filed by Dennis Eddins ("Eddins") and (2) a Supplement to Eddins' Application to Proceed *In Forma Pauperis* ("Supplement") filed by Eddins pursuant to this Court's Order of May 13, 2008 [Doc. 1] which directed Eddins to file a more complete application. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this court.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 341 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an application to proceed *in forma pauperis* is normally based solely on the application, particularly, the affidavit of indigence and the plaintiff's complaint. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the plaintiff show, by affidavit, that he is unable

to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to proceed *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that one cannot because of his poverty afford to pay the costs of the litigation and still provide for himself and his dependents with the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

Based upon a review of Eddins' Application, his Supplement to his Application and Eddins' complaint, the indigence requirements of 28 U.S.C. § 1915(a) have been satisfied. Accordingly, Eddins' Application to Proceed *In Forma Pauperis* is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson v. R.G. Smith Co.*, 915 F.2d 262-63 (6th Cir. 1990). The Clerk shall not issue process, however, at this time.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke v. Williams*, 490 U.S. 319 (1989).

Eddins has filed a long rambling complaint setting forth a number of conclusory allegations in which he asserts claims pursuant to 42 U.S.C. § 1983 which relate to various criminal actions/charges brought against Eddins. In his complaint, Plaintiff has sued the State of Tennessee and 23 persons, including: Attorney General Robert E. Cooper; District Attorney General Charles F. Crawford; Former District Attorney General W. Michael McCown; Assistant District Attorney General Ann Filer; Assistant District Attorney General Melissa Thomas; Assistant District Attorney General Hollylynn Hewgley; District Attorney General Tim Morgan of Madison County, Alabama;

Assistant District Attorney General Melissa Heron of Madison County, Alabama; Senior Circuit Court Judge Jerry Scott; Circuit Court Judge Robert Criggler; Circuit Court Judge Laura Hamilton of Madison County, Alabama: Appellate Court Judge H.W. McMillan of Alabama; General Session Judge Thomas C. Faris of Franklin County, Tennessee; Acting General Session Judge Johnny Hill; Defense Counsel Karla Ogle; Defense Counsel Roy Miller of Madison County, Alabama; Defense Counsel Charles H. Pullen of Madison County, Alabama; Investigator Adam Eubanks of the Fayetteville Police; Sheriff Murray Blackwelder of Lincoln County, Tennessee; Grand Jury Foreman Helen Matthews; Circuit Court Clerk W. Gail Corder; Community Corrections Officer Judy McCloud; and Community Corrections Case Officer Carlton Dudley.

Plaintiff makes various allegations against the named Defendants all of whom have been sued in the official capacities, including the defense counsel whom Eddins sued because they were state appointed. He also sues Investigator Adam Eubanks, asserting that in giving testimony under oath, Eubanks conspired with the district attorney [Complaint at 6]. Likewise, Eddins has sued grand jury foreman Helen P. Matthews asserting she conspired with the district attorney and the Circuit Court Judge, Robert Criggler, with regard to certain criminal charges brought against him [*id.* at 7]. Plaintiff challenges his convictions and the various sentences he received, the fact that he was denied "good time" credits and parole, and asserts he was "not . . . sentenced in accordance with the rules of the Supreme Court of the State of Tennessee." [*Id.* at 4]. Eddins asserts that "from March 22, 2005, [he] should not have been incarcerated at all. He has committed no crime anywhere." [*Id.* at 6].

Plaintiff demands 300 million dollars in compensatory and punitive damages and injunctive relief. Plaintiff's complaint fails to state a claim upon which relief can be granted. "To state a claim

3

under § 1983 , a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). A § 1983 plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Id.* (citing *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir.1991)).

With regard to state officials and state employees sued in their official capacity for monetary damages, the claims against such individual are the equivalent of a suit against the State. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Thus, an action brought under 42 U.S.C. § 1983 for money damages against a state or a state official or state employee in their official capacity is barred because by definition such officials are not persons for purposes of a § 1983 action. *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003).

The claims Eddins has brought against the named Defendants are also subject to dismissal based upon immunity. Eddins' claims against the prosecutors, the state district attorneys, and the grand jury foreman are properly dismissed based upon absolute immunity because he is challenging acts performed in connection with his indictment and prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976). Further, Eddins' claims against the judges named in his complaint are also properly dismissed based upon absolute immunity because he seeks to sue them under § 1983 for actions performed in their judicial capacity. *Burns v. Reed*, 500 U.S. 478, 492 (1991).

With regard to appointed defense counsel named in Eddins' complaint, defense attorneys, whether they are privately retained, court-appointed, or employed as public defenders are not

4

generally acting under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981). Moreover, with regard to Plaintiff's claim against investigator Eubanks concerning his testimony under oath, a witness who testifies in state court does not act under color of state law for purposes of § 1983. *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1987); *Bennett v. Passic*, 545 F.2d 1260, 1263-64 (10th Cir. 1976). "For reasons of public policy, those who testify in the course of judicial proceedings have long enjoyed absolute immunity from civil suits based upon their words, whether prejurious or not." *Blevins*, 572 F.2d at 1338, (citing *Brawer v. Horowitz*, 535 F.2d 830, 836-37 (3rd. Cir. 1976)). This complaint lacks any arguable basis for recovery under 42 U.S.C. § 1983 in Federal Court. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Accordingly, it is **RECOMMENDED**[1] that Eddins' complaint be **DISMISSED** under 28 U.S.C. § 1915(e) as frivolous, for failure to state a claim upon which relief can be granted, but without prejudice to the plaintiff's right to refile his claims in state court.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).